# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JULIE ELLEN BAUER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:13-cv-00205 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| U.S. MARSHAL SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## M E M O R A N D U M

The plaintiff, an inmate at the Maury County Jail in Columbia, Tennessee, brings this *pro se, in forma pauperis Bivens* action against the U.S. Marshals Service and U.S. Department of Probation & Parole, as well as Luke Wehby and Karen Webb, in both their official and individual capacities, alleging that the plaintiff has suffered from flashbacks, hyper-vigilance, insomnia, night terrors, panic attacks, and anxiety after being returned for a period of twelve days to an institution at which she was previously sexually assaulted. (Docket No. 1). The plaintiff seeks both monetary and injunctive relief. (*Id.* at p. 5).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.    PLRA Screening of the Complaint**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Allegations

According to the complaint, in 2004 while the plaintiff previously was incarcerated at the Western Kentucky Detention Facility, she reported that she was the victim of sexual assault. The plaintiff subsequently was transferred to a different facility and received rape counseling. After her release from prison, the plaintiff violated her supervised release in 2010, and the court sentenced the plaintiff to fourteen months' imprisonment. She met with her federal probation officer, Karen Webb, and "told her that [she] would blow [her] head off if [she] were to be returned to" the Western Kentucky Detention Facility. (Docket No. 1 at p. 5). The complaint alleges that defendant Webb "assured" the plaintiff that "this would not happen and that she would call to insure that" the plaintiff was not returned there. (*Id.*) The plaintiff also called the U.S. Marshals Office in Nashville and spoke to defendant Luke Wehby on at least two occasions about her placement. He told her that he had no control over where she went to serve her sentence.

When the plaintiff self-reported, she was taken to the Western Kentucky Detention Center, where she spent twelve days before she was transferred to the Maury County Jail. The plaintiff alleges that, because she was forced to spend time at the facility where she previously had been sexually assaulted, she began experiencing flashbacks, hyper-vigilance, insomnia, night terrors, panic attacks, anxiety, and other fear-related health issues. (*Id.*)

**III.     Legal Standard**

Although the plaintiff filed her complaint on the form used for actions pursuant to 42 U.S.C. § 1983, the plaintiff names individuals who are federal employees and a federal agency as defendants. Thus, the court construes the complaint as one brought pursuant to *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971)(private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents). To establish a *Bivens* claim, a "plaintiff must allege facts which show the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 Fed.Appx. 847, 850 (6th Cir. 2005)(citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002). The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21–22 (1980).

**IV.     Analysis**

First, the plaintiff names the U.S. Marshals Service, a federal agency, as a defendant. "To sue the United States or its agencies in federal court, a plaintiff must show that . . . the sovereign immunity of the United States does not bar the cause of action." *Clark v. United States*, 326 F.3d

3

911, 912 (7th Cir. 2003). Absent a waiver, sovereign immunity automatically shields the federal government from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "The United States has not waived its immunity to suit in a *Bivens* action." *Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000)(citing *Nuclear Transport & Storage, Inc. v. United States,* 890 F.2d 1348, 1351-52 (6th Cir. 1989)); *see Miller v. Federal Bureau of Investigation*, No. 96-6580, 1998 WL 385895, at *1 (6th Cir. July 1, 1998) ("the doctrine of sovereign immunity precludes a *Bivens* action against a federal agency for damages"). Applying these standards, numerous courts have dismissed *Bivens* claims against the Marshals Service. *See, e.g.*, *Culliver v. Corrections Corp. of Am.*, No. 99-5344, 2000 WL 554078, at *2 (6th Cir. Apr. 28, 2000). This court, too, finds that the plaintiff's claim against the U.S. Marshals Service is barred by sovereign immunity. Moreover, the plaintiff's claim against defendant Wehby in his official capacity is also barred by sovereign immunity. *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115-16 (6th Cir.1988) (per curiam). Thus, the plaintiff's claims against the U.S. Marshals Service and defendant Wehby in his official capacity will be dismissed.

As to the plaintiff's claims against defendant Wehby in his individual capacity, there is no factual basis for such claims. The complaint alleges that, when contacted by the plaintiff, defendant Wehby told the plaintiff at least twice that he had no control over where she would be designated to serve her sentence of imprisonment for violating her supervised release. (Docket No. 1 at p. 5). There are no other allegations in the complaint connecting Wehby to alleged wrongdoing. *See e.g., Gilmore v. Corrections Corp. of Am.,* 92 Fed. Appx. 188, 190 (6th Cir. 2004)(dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). As such, the *Bivens* claims against defendant Wehby in his individual capacity will be dismissed.

4

Next, the plaintiff names the "U.S. Department of Probation and Parole" as a defendant. As an initial matter, there is no legal entity capable of being sued called the "U.S. Department of Probation and Parole." "Federal probation officers are appointed individually by the district courts. 18 U.S.C. 3602(a) and 28 U.S.C. 609. They are employed by the United States Courts and are under the administrative control of the Director of the Administrative Office of the United States Courts." *Schroeder v. Polk*, 842 F. Supp. 355, 356 (N.D. Ind. 1993). By naming the "U.S. Department of Probation and Parole," the plaintiff is suing this federal court and, ultimately, the United States.

Because, as noted above, the United States has not waived its sovereign immunity to damages actions for constitutional violations, the plaintiff here has no viable claim for damages against "the U.S. Department of Probation and Parole." In addition, although the United States has waived its sovereign immunity to allow claims for injunctive relief against federal agencies, *see* 5 U.S.C. § 702, the definition of "agency" in this waiver expressly excludes the federal courts. *See* 5 U.S.C. § 551(1)(B). Thus, equitable relief is equally unavailable. The plaintiff's claims against the "U.S. Department of Probation and Parole" will be dismissed.

As to defendant United States Probation Officer Karen Webb, a suit against a federal officer in his or her official capacity is a suit against the federal government itself. As the federal government has not waived its sovereign immunity to damages suits arising from constitutional violations, the plaintiff's claim for damages against Officer Webb in her official capacity is barred; that claim will be dismissed.

As to the plaintiff's claims against Officer Webb in her individual capacity, despite what the plaintiff understood Officer Webb to promise the plaintiff, inmates have no constitutional right to be confined in any particular prison. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Hewitt v. Helms*,

5

459 U.S. 460, 468 (1983)(superseded by statute on other grounds); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Thus, any verbal promise or guarantee made by Officer Webb to the plaintiff that she would not be sent back to the Western Kentucky Detention Facility could not have bestowed upon the plaintiff rights that she otherwise would not possess under the law. Moreover, it is the Bureau of Prisons that determines where prisoners will serve their federal time. *See* 18 U.S.C. § 3621(a) & (b). *See Davis v. Shartle*, No. 4:10 CV 2592, 2011 WL 1496672, at * 3 (N.D. Ohio April 19, 2011)("Congress clearly granted the BOP board discretion to determine where prisoners will serve their terms of imprisonment."). Consequently, even if Officer Webb promised the plaintiff that she would not be sent to a particular facility, Officer Webb lacks the authority to effectuate such a promise; thus, the plaintiff has no constitutional right to require Officer Webb to honor a promise she legally cannot honor.

To the extent the plaintiff is attempting to allege that she has suffered any mental or emotional injury as a result of having been sent to the Western Kentucky Detention Facility, 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit Court of Appeals has held that this bar applies to all statutory and constitutional causes of action. *Robinson v. Corrections Corp. of Am.*, 14 Fed. Appx. 382, 383 (6th Cir. 2001)(citing *Cassidy v. Ind. Dep't of Corrections*, 199 F.3d 374, 376-77 (7th Cir.2000)). While the physical injury alleged need not be significant, it must be more than *de minimus* in order for a plaintiff to prevail on any of her constitutional claims. *Jarriett v. Wilson*, 162 Fed. Appx. 394, 400 (6th Cir. 2005).

The plaintiff's claims are based primarily on mental or emotional injuries, but she alleges that she suffered physical injuries, *i.e.*, a sexual assault, in 2004 at the same facility where she now alleges she suffered the mental and emotional injuries directly as a result of returning to the site where she was sexually asssaulted. However, even if the court accepts the plaintiff's allegations, the court cannot conclude that the mental or emotional injuries sustained by the plaintiff resulted from any unconstitutional conduct by Officer Webb. The complaint does not allege, and the law would not have permitted, a federal probation officer such as Officer Webb to determine the facility at which the plaintiff would serve her sentence. Thus, the plaintiff's *Bivens* claim against Officer Webb in her individual capacity must be dismissed.

**V.     Conclusion**

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted. 28 U.S.C. § 1915A. Accordingly, all claims will be dismissed with prejudice.

An appropriate Order will be entered.

_Todd Campbell_
Todd J. Campbell
United States District Judge